UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RYAN LOWE,

                Plaintiff,

                                              21-CV-997-LJV
      v.                                          DECISION & ORDER

CAPITAL LINK MANAGEMENT LLC,

                Defendant.

_____

On September 3, 2021, the plaintiff, Ryan Lowe, filed a complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Docket Item 1. Several years later, Lowe moved for a default judgment against the defendant, Capital Link Management LLC ("CLM"). Docket Item 22. For the reasons that follow, this Court grants Lowe's motion in part. More specifically, the Court grants Lowe's motion for a default judgment but awards $500 in statutory damages instead of the $1,000 he requested. Lowe may submit his request for reasonable attorney's fees within 30 days of the date of this decision and order.

## DISCUSSION

**I.    DEFAULT JUDGMENT**

To obtain a default judgment, a party must secure a clerk's entry of default by demonstrating, "by affidavit or otherwise," that the opposing party "has failed to plead or otherwise defend" the case. Fed. R. Civ. P. 55(a). In considering whether to enter a default judgment, the court accepts the factual allegations in the complaint as true and determines whether the alleged facts state a valid claim for relief; the court also has the

discretion to require further proof of necessary facts.  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (discussing Fed. R. Civ. P. 55(b)(2)).  As to damages, the court should take steps, including an evidentiary hearing when necessary, to establish an amount with reasonable certainty.  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (discussing Fed. R. Civ. P. 55(b)(2)).

**II.    FDCPA CLAIMS**

    **A.    Liability**

Lowe asserts that CLM violated the FDCPA by sending the following text message to the telephone number of one of Lowe's clients:

> Ryan Lowe, your account was transferred to Capital Link Management. Current balance is $1,203.90.  Our client is offering an interest free, monthly payment plan as low as $50.00 a month, or they are willing to reduce the balance to $601.95 as a one[]time payoff.  For more information please call 1-844-396-9008.  Communication is from a Debt Collector.  To opt out reply STOP[.]

Docket Item 1 at ¶10; *see* Docket Item 22-3.  Lowe further alleges that his client was not responsible for the repayment of Lowe's debt.  Docket Item 1 at ¶ 12.  And Lowe says that he did not give CLM permission to communicate with his client about the debt.  *Id.* at ¶ 13.

Accepting those allegations as true, the Court finds that the complaint has adequately alleged CLM's violation of the FDCPA.  More specifically, 15 U.S.C. § 1692b prohibits a debt collector from "stat[ing] that [the] consumer owes any debt" when "communicating with any person other than the consumer."  15 U.S.C. § 1692b(2).  In fact, communications with any person other than the consumer are permitted only for

2

the purpose of acquiring location information. *Id.* §§ 1692b, 1692c(b). The text message sent to the telephone number of Lowe's client stated that Lowe owed a debt and was not for the purpose of acquiring information about Lowe's location or how he could be reached. *See* Docket Item 22-1 at 4-5.[1] Therefore, for purposes of obtaining a default judgment, Lowe has established a violation of the FDCPA.

### B. Damages

Under the FDCPA, a court may award a plaintiff up to $1,000 in statutory damages. 15 U.S.C. § 1629k(a)(2). Proof that the statute was violated warrants some damages, but "a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998).

In calculating an appropriate award of statutory damages, the court considers such factors as the frequency, persistence, nature, and intentionality of noncompliance by the debt collector. 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are rare and "are typically granted [only] in cases where the defendants' violations are 'particularly egregious or intimidating.'" *Carbin v. N. Resol. Grp., LLC*, 2013 WL 4779231, at *2 (W.D.N.Y. Sept. 5, 2013) (quoting *Cordero v. Collection Co.*, 2012 WL 1118210, at *2 (E.D.N.Y. Apr. 3, 2012)).

Here, Lowe seeks $1,000 in statutory damages.[2] Docket Item 22-1 at 5. In support of his request for the statutory maximum, he states that "CLM blatantly violated

---

[1] Page numbers in docket citations refer to ECF pagination.

[2] In his complaint, Lowe also sought actual damages based on alleged emotional injuries from CLM's conduct. Docket Item 1 at ¶¶ 15-16. In his motion for default judgment, however, he seeks judgment for statutory damages only. *See* Docket Item

3

the requirements of the FDCPA" and that its "violations . . . were not mere technical violations, but instead deliberately and intentionally attempting to collect a debt from [Lowe] by disclosing details about the debt to an unauthorized third party." *Id.* "This conduct," Lowe urges, "goes to the heart of what the FDCPA is supposed to prevent, i.e., predatory debt collection practices." *Id.*

The Court finds that a damage award of $1,000 is not warranted by the facts of this case. *See Dembitzer v. Weinberg Mediation Grp. LLC*, 2018 WL 4088077, at *5 (E.D.N.Y. Aug. 3, 2018) (explaining that "[c]ourts of this [c]ircuit have reserved the maximum award of $1,000 for violations that are particularly egregious" (citation and internal quotation marks omitted)), *report and recommendation adopted*, 2018 WL 4087921 (E.D.N.Y. Aug. 27, 2018); *see also Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, at *1, 3 (W.D.N.Y. Jan. 28, 2011) (deeming award of $1,000 "excessive" where defendant made calls to the plaintiff's workplace and made empty threats of litigation). CLM's violation consisted of only one text message, and "nothing (other than a conclusory assertion . . . in the [c]omplaint) indicates that [the communication with Lowe's client was] intentional." *See Dembitzer*, 2018 WL 4088077, at *6.

That being said, a message to a third party, by its very nature, constitutes an invasion of privacy that can cause real harm to the plaintiff. Taking all of the circumstances into account, this Court finds that $500 is an appropriate award of damages. *See, e.g.*, *Savino*, 164 F.3d at 86 (affirming award of $500 for letter that "violated the FDCPA but . . . was not threatening or abusive in tone"); *Dembitzer*, 2018

---

22-1 at 5. Therefore, this Court will deem Lowe's "claim for actual damages to be abandoned." *See Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, at *3 n.2 (W.D.N.Y. Jan. 28, 2011).

4

WL 4088077, at *6 (finding $500 in statutory damages appropriate where defendant "left a message that failed to disclose it was from a debt collector, and in a second call contacted and disclosed information about the debt to a third party"); *Dona v. Midland Credit Mgmt., Inc.*, 2011 WL 941204, at *3 (E.D.N.Y. Feb. 10, 2011) (finding $500 in statutory damages appropriate where defendant left message on plaintiff's answering machine for the purposes of collecting a debt without indicating that call was from debt collector), *report and recommendation adopted*, 2011 WL 939724 (E.D.N.Y. Mar. 15, 2011).

### C.     Attorney's Fees

Under the FDCPA, the court has the discretion to award reasonable attorney's fees to successful litigants.  See 15 U.S.C. § 1692k(a)(3).  Lowe states that he "will submit his request for attorney's fees and costs . . . should the Court grant [his] motion." Docket Item 22-1 at 5.  Lowe may do so within 30 days of the date of this decision and order.

### CONCLUSION

For the reasons stated above, Lowe's motion for a default judgment is granted in part; more specifically, he is awarded $500 in statutory damages.  Lowe shall submit his request for attorney's fees within 30 days of the date of this decision and order.

SO ORDERED.

Dated: July 14, 2025
Buffalo, New York

                                            */s/ Lawrene J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE