UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RYAN LOWE,

        Plaintiff,

        v.

CAPITAL LINK MANAGEMENT LLC,

        Defendant.

21-CV-997-LJV-LGF
DECISION & ORDER

---

On July 14, 2025, this Court granted a motion for a default judgment filed by the plaintiff, Ryan Lowe, and awarded him $500 in statutory damages under the Fair Debt Collection Practices Act ("FDCPA"). Docket Item 27. The Court directed Lowe to file a motion for attorneys' fees, *id.* at 5, which he did, Docket Item 29; *see also* 15 U.S.C. § 1692k(a)(3) (allowing for reasonable attorneys' fees in FDCPA cases).[1]

The Court has carefully reviewed Lowe's motion and, for the reasons that follow, grants his request and awards him $6,570.00 in attorneys' fees and $402.00 in costs.

## **DISCUSSION**

Under the FDCPA, courts have discretion to award reasonable attorneys' fees to successful litigants. *See* 15 U.S.C. § 1692k(a)(3). A court should consider case-specific variables in setting a reasonable hourly rate, which in turn should be used to

---

[1] After Lowe filed his motion for attorneys' fees, Docket Item 29, this Court referred this case to United States Magistrate Judge Leslie G. Foschio to handle non-dispositive matters under 28 U.S.C. § 636(b)(1)(A), *see* Docket Item 30. But because motions for attorneys' fees at the end of a case are dispositive, *see McConnell v. ABC-Amega, Inc.*, 338 Fed. App'x. 24, 26 (2d Cir. 2009) (summary order), this Court considers Lowe's motion in the first instance.

calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 111-12 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008). The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175-76 (2d Cir. 2009). Therefore, this Court considers the prevailing market rate in the Western District of New York in determining a reasonable fee here. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (considering the market rate for "similar services by lawyers of reasonably comparable skill, experience[,] and reputation").

In support of his motion for attorneys' fees, Lowe submitted time records indicating that two attorneys—Sergei Lemberg and Jody Burton—spent a cumulative total of 23.9 hours on his case and that a paralegal spent 3 hours. Docket Item 29-1 ¶ 22; *see* Docket Item 29-3. Lowe requests hourly rates of $300 per hour for attorney time and $100 per hour for paralegal time. Docket Item 29-1 ¶ 22. Both attorneys have extensive experience in litigating consumer protection cases: Burton has been practicing for more than thirty years and Lemberg for more than twenty. *See* Docket Item 29-2 at 4-5. The memorandum of law supporting Lowe's motion for attorneys' fees does not indicate the level of experience of the paralegal who worked on the case. *See generally id*.

Given recent case law in this district, the Court finds that Lowe's requested hourly rate of $300 for his attorneys to be reasonable and appropriate. *See, e.g.*, *McPhaul v. Insight Mgmt. Partners,* 2022 WL 542534, at *4 (W.D.N.Y. Feb. 23, 2022) (finding $300 attorney hourly rate reasonable for experienced attorney in FDCPA case);

*Welch v. PDL Recovery Grp., LLC,* 2019 WL 4887595, at *3 (W.D.N.Y. Oct. 3, 2019) (same); *Eades v. Kennedy, PC. Law Offs.*, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (same); *Langhorne v. Takhar Grp. Collection Servs., Ltd.*, 2016 WL 1177980, at *2 (W.D.N.Y. Mar. 28, 2016) (same).  Although a closer question, the Court also finds the requested paralegal rate to be reasonable and appropriate for this District.  *See, e.g.*, *Warman v. L. Off. of Daniel M. Slane*, 2017 WL 971196, at *4 (W.D.N.Y. Mar. 13, 2017) (this Court's finding nearly nine years ago that "[h]aving received no indication of the experience of the respective paralegals who worked on this case, . . . an hourly rate of $90 [wa]s appropriate for their services"); *Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014) (finding over a decade ago that "[i]n the Second Circuit, prevailing paralegal, law clerk and legal assistant rates have more recently been found to be anywhere from $70 to $100 per hour").

Based on its review of the billing records, the Court finds the 23.9 hours of attorney time and 3 hours of paralegal time to be reasonable.  Using the $300 hourly rate for the attorneys and the $100 hourly rate for the paralegal, this Court therefore awards attorneys' fees to Lowe in the amount of $6,570.  The Court also awards the requested $402 in costs for the filing fee.

## CONCLUSION

For the reasons stated above, this Court GRANTS Lowe's motion, Docket Item 29, and awards him $6,570 in attorneys' fees and $402 in costs.  The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:   January 21, 2026
         Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE